FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAY EDWARD Y., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:22-CV-3102-RMP <br><br> ORDER GRANTING PLAINTIFF'S OPENING BRIEF, GRANTING IN PART THE COMMISSIONER'S BRIEF, AND REMANDING FOR BENEFITS |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Jay Edward Y.[1], ECF No. 10, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 11. Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the Commissioner's denial of his claims for Social Security Income ("SSI") and Disability Insurance Benefits ("DIB") under

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and last initial.

ORDER GRANTING PLAINTIFF'S OPENING BRIEF, GRANTING IN PART THE COMMISSIONER'S BRIEF, AND REMANDING FOR BENEFITS ~ 1

Titles XVI and Title II, respectively, of the Social Security Act (the "Act"). *See* ECF No. 8 at 2.

Having considered the parties' briefs, the administrative record, and the applicable law, the Court is fully informed. The parties agree that the Administrative Law Judge ("ALJ") who resolved Plaintiff's claim reversibly erred, but they disagree about the remedy. *See* ECF Nos. 10 and 11. For the reasons set forth below, the Court grants Plaintiff's Opening Brief, ECF No. 8, grants in part and denies in part the Commissioner's Brief, ECF No. 10, reverses the Commissioner's final decision, and remands the matter for a finding of disability under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1979 and attended school through eleventh grade. AR 279. Plaintiff alleges disability since November 2, 2012, and has had at least three hearings and ALJ denials, and at least two remands. AR 16–37, 608–36, 717–18, 1921–50, and 2032–33. On the most recent remand, a different ALJ held a hearing on March 9, 2022, and issued an unfavorable decision on April 26, 2022. AR 1924–39.

The ALJ found that Plaintiff had severe impairments in the form of degenerative disc disease of the lumbar spine with herniation and radiculopathy, bilateral hip dysplasia with osteoarthritis, obesity, tarsal tunnel syndrome,

1  depression, anxiety with panic disorder, chronic pain syndrome, osteoarthritis of the
2  knees, and osteoarthritis of the right hand and elbow. AR 1927. However, the ALJ
3  found Plaintiff capable of a range of sedentary work with several limitations and
4  concluded that he could adjust to other work. AR 1931–39. Relying on testimony
5  by the vocational expert, the ALJ found that Plaintiff could work as a document
6  preparer (sedentary, unskilled work with approximately 64,432 jobs in the national
7  economy); addresser (sedentary, unskilled work with approximately 10,217 jobs in
8  the national economy); and call out operator (sedentary, unskilled work with
9  approximately 8,200 jobs in the national economy). Following the hearing, the ALJ
10 accepted evidence from Plaintiff's counsel indicating that the number of jobs
11 available in the national economy are less than testified to by the vocational expert.
12 AR 1939. The ALJ concluded that there ultimately would be "approximately 21,000
13 positions [among] those three jobs, which is still a significant number of jobs
14 available in the national economy." AR 1939. Consequently, the ALJ found that
15 Plaintiff has not been under a disability as defined by the Act since November 2,
16 2012, and denied Plaintiff's claim. AR 1930–39.

## DISCUSSION

18 Plaintiff appealed the denial of his claims for SSI and DIB by alleging
19 reversible error at step five in identifying alternative available work, in assessing
20 Plaintiff's symptom testimony, in evaluating the medical opinions, and in omitting
21

ORDER GRANTING PLAINTIFF'S OPENING BRIEF, GRANTING IN PART
THE COMMISSIONER'S BRIEF, AND REMANDING FOR BENEFITS ~ 3

manipulative limitations from Plaintiff's Residual Functional Capacity ("RFC"). ECF No. 8 at 2, 19. Plaintiff argues that in this case that "has been pending for over a decade, since 2012," and in which the record has been fully developed, remand for benefits is the proper remedy. *Id.* at 21. Plaintiff adds that no useful purpose would be served by another remand in this case given that: (1) "even if the ALJ committed no other error, there are insufficient jobs" available nationwide that Plaintiff could perform; (2) that the ALJ did not give the requisite specific, clear, and convincing reasons to discount Plaintiff's testimony; (3) that the ALJ did not give sufficient reasons for discounting the disabling opinions of Plaintiff's treating sources, whose findings are owed controlling weight. *Id.*

The Commissioner responds by moving for remand for further proceedings. ECF No. 10 at 2. The Commissioner concedes that the ALJ did not properly evaluate Plaintiff's subjective symptom allegations and "acknowledges" that the ALJ identified a mere 21,000 jobs available in the national economy that Plaintiff could perform, fewer than the 25,000 jobs that the Ninth Circuit has deemed a "close call." *Id.* (citing *Gutierrez v. Comm'r*, 740 F.3d 519, 528–29 (9th Cir. 2014)). However, the Commissioner maintains that "factual conflicts and ambiguities" persist with respect to Plaintiff's subjective symptom allegations, the medical source opinions, and the vocational testimony, all of which make remand for an award of benefits inappropriate. *Id.*

ORDER GRANTING PLAINTIFF'S OPENING BRIEF, GRANTING IN PART THE COMMISSIONER'S BRIEF, AND REMANDING FOR BENEFITS ~ 4

Whether to reverse and remand for further proceedings or to calculate and award benefits is a decision within the discretion of the district court. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for further proceedings is appropriate when developing the record would be useful. *See Smolen*, 80 F.3d at 1292. However, when further development of the record is unneeded, remand to calculate and award benefits may be warranted. *See id.* The Ninth Circuit has endorsed remand for calculation of benefits where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In the present case, the Commissioner has again committed reversible error by failing to provide legally sufficient reasons for rejecting important evidence, and apart from arguing for a need to again reweigh the evidence, the Commissioner directs the Court to no outstanding issues that must be resolved before a determination of disability can be made. *Compare* ECF Nos. 10 at 3–4 (Commissioner's argument that Plaintiff's subjective symptom testimony may be rejected on remand based on Plaintiff's daily activities, which were not discussed in the ALJ's 2022 decision) *with* 11 at 3–4 (Plaintiff's argument that the two

ORDER GRANTING PLAINTIFF'S OPENING BRIEF, GRANTING IN PART THE COMMISSIONER'S BRIEF, AND REMANDING FOR BENEFITS ~ 5

previously-reversed ALJ decisions in this case relied on Plaintiff's activities to reject Plaintiff's testimony, so a "reasonable inference is [that] the ALJ did not just not notice this issue but had found it did not exist and did not support a lack of credibility finding."). The Court finds that an ALJ would be required to find Plaintiff disabled if the rejected evidence were to be credited. *See* ECF Nos. 10 at 1 (conceding that the ALJ failed to give sufficient reasons for rejecting Plaintiff's testimony of disabling limitations). Moreover, even with the RFC that the ALJ formulated, a likely inadequate number of jobs are available in the national economy that Plaintiff could perform. *See* AR 1939; *Gutierrez*, 740 F.3d at 528–29. Therefore, remand for calculation of benefits is warranted. *See Therese Marie C. v. Kijakazi*, No. EDCV 21-169-KS, 2022 U.S. Dist. LEXIS 125235, at *51 (C.D. Cal. July 13, 2022) (in reviewing the Commissioner's resolution of a claim for the third time, District Court held that "another cycle of administrative proceedings would serve neither efficiency nor fairness").

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Opening Brief, **ECF No. 8**, is **GRANTED**.
2. The Commissioner's Brief, **ECF No. 10**, is **GRANTED IN PART** with respect to reversal and remand and **DENIED IN PART** with respect to Commissioner's request to conduct further proceedings.

ORDER GRANTING PLAINTIFF'S OPENING BRIEF, GRANTING IN PART THE COMMISSIONER'S BRIEF, AND REMANDING FOR BENEFITS ~ 6

3. The final decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** to the Commissioner for calculation of benefits.

4. Judgment shall be entered for Plaintiff. Upon proper presentation, this Court will consider Plaintiff's application for costs and attorney's fees under 28 U.S.C. §§ 1920, 2412(d).

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel, enter judgment in favor of Plaintiff, and **close the file**.

**DATED** March 7, 2023.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER GRANTING PLAINTIFF'S OPENING BRIEF, GRANTING IN PART THE COMMISSIONER'S BRIEF, AND REMANDING FOR BENEFITS ~ 7